IN THE
UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS
McALLEN DIVISION

Mario Mora A. Plaintiff
Vs.                                    Cause No._____
WESTVILLE CORRECTIONAL FACILITY'S
ADMINISTRATORS (John or Jane Doe) and/or
Their successors in their individual and
Official capacities. Defendants.

CLAIM PURSUANT TO SECTION 1983

Comes now plaintiff pro se and respectfully present his **claim** to this Honorable Court of justice. In support of his **claim** show as follows:

Under the United States laws for perjury pursuant to 28 U.S.C. 1746, Plaintiff Mario Mora A. ("Mora") affirms that the following **declarations** are true and correct in fact and matter.

**DECLARATIONS**

Fact # 1. In February and March 20, 2001, Mora was one Indiana State's prisoner.

Fact # 2. Mora was incarcerated at the prison Westville Correctional Facility ("WCF") Westville, Indiana.

Fact # 3. In February 2001, the incarcerated prisoner Mora, following the prison law library's procedures made one "Notice of Appeal" motion. The motion was properly addressed to the "Indiana Court of Appeals"; signed and give it to the officer in charge of the prison law library to be mailed-out. Mora cannot locate his copy, therefore no evidence is available at this time.

Fact # 4. In March 20, 2001, the incarcerated prisoner Mora, following the prison law library's procedures made a "Motion for Extension of Time to File Record of Proceedings and Brief of Appellant", properly addressed to the "Indiana Court of Appeals", signed and give it to the officer in charge of the prison law library to be mailed out. See Exhibit "a"

Fact # 5. The incarcerated prisoner Mora's motions were significant, legitimate and reasonable, and could have win in a court of law (i.e., could have been granted).

Fact # 6. However, in January 2021, the Indiana Court of Appeals' **clerk affirmed** not to have record or to have received the Mora's motions. Clerk will be subpoenaed.

Fact # 7. Based upon the **clerk's affirmation,** the Prison Administrators **"fail"** to mail-out their incarcerated prisoner Mora's motions to the Indiana Court of Appeals.

Fact # 8. The result of such **failure is:** Prison Administrators **deny** to their incarcerated prisoner Mora the access and use of the state's court system, a direct violation to the fundamental rights guaranteed and protected under the 1st, 5th, and 14th Amendments to the Constitution.

EVIDENCE IN SUPPORT OF THE AFORESAID VIOLATIONS

Fact # 9. In March 15, 2001, following the prison law library's procedures Mora made a "**Petition** to Re-Open for Reconsideration", properly addressed to the "United States Department of Justice Offices for Immigration Review Office of the Immigration Judge" sign it and give it to the officer in charge of the prison law library to be mailed-out. See exhibit "b"

Fact # 10. The incarcerated prisoner Mora's **Petition** was significant, legitimate and reasonable and could have win in a court of law (i.e., it could have been granted in March 15, 2001; also it could have halt deportation; and Mora could have continued with his appeal).

EVIDENCE: In March 20, 2017, the Immigration Judge **GRANTED** a copy of the Mora's Petition dated March 15, 2001. See exhibit "c"

Fact # 11. However, in April 18, 2017 the Immigration Judge affirmed not to have received the Mora's Petition dated March 15, 2001, and thus **denied** the already granted Petition. See exhibit "d"

Fact # 12. Once again, the Prison Administrators denied to their incarcerated prisoner Mora the access and use of the Federal Court system, in violation of the fundamental rights under the 1st, 5th, and 14th Amendments to the Constitution.

UNDENIABLE FACT: The prison administrators had total control of the U.S. Postal Service offered at the prison. **To make legal documents** (such as motions or petitions) the incarcerated prisoners have to follow the prison law library's procedures. **To mail out legal documents** to courts of law, the incarcerated prisoner has to properly address the legal documents, sign and give it to the officer in charge of the prison law library to be mailed-out. **To receive legal documents** from courts of law or attorneys, the incarcerated prisoners must identify themselves to a prison officer, sign for the legal documents before the officer and open and show the legal documents to the prison officer. Such procedures undisputable reveal that the Prison Administrators have total control over their incarcerated prisoner's legal mail and control of the U.S. Postal Service offered at the prison.

Fact # 13. Based upon the Indiana Court of Appeals' **clerk's affirmation** and based upon the **Immigration Judge's affirmation** it is a fact that the Prison Administrators **fail** to mail-out their incarcerated prisoner Mora's legal documents to the courts of law.

Fact # 14. The results of such failures are: The Prison Administrators deny to their incarcerated prisoner Mora the access and use of the state and federal courts' system; a direct violation to the fundamental rights under the 1st, 5th, and 14th Amendments to the Constitution.

Fact # 15. Beyond the reasonable doubt, the Prison Administrators had the <u>official record</u> their incarcerated prisoner Mora. By their <u>official record</u> the Prison Administrators **knew** that the immigration department had a deportation order lodged against their incarcerated prisoner Mora (Prison Administrators deliver their incarcerated prisoner Mora to Immigration authorities). Therefore, it is proper to infer that the actions and omissions of the Prison Administrators, in this case, were committed with knowledge, willfulness and deliberate indifference for the fundamental rights of their incarcerated prisoner Mora: Rights which are guaranteed and protected by the Constitution and laws of the United States of America.

Therefore, the plaintiff respectfully request for the granting of $10,000,000.00 (ten million dollars) against the Defendants, in favor of plaintiff for the violations of his rights and for any and all remedies available in this premises.

RESPECTFULLY SUBMITTED,

*Mario Mora*
Mario Mora A. Plaintiff

DATE: ~~3-31-2021~~ 4/10/2021
CC: MM

AFFIDAVIT OF INDIGENCY

Under the U.S. laws for perjury pursuant to 28 U.S.C. 1746, I, Mario Mora A. swears not to have any moneys, check or savings accounts, security bond, home (s) or automobile(s) and have no moneys to pay court costs or legal fees.

*Mario Mora*
Mario Mora A. Affiant

DATE: ~~3-31-2021~~ 4/10/2021
CC: MM