United States District Court
Southern District of Texas
**ENTERED**
May 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARIO MORA ADAME, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:21-cv-00179 | |
| UNKNOWN WESTVILLE § | |
| CORRECTIONAL FACILITY § | |
| ADMINISTRATORS, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

The Court now considers Plaintiff's "Claim Pursuant to Section 1983."[1]

Plaintiff mailed to the Clerk of the Court of the McAllen Division his 3-page complaint; a petition to extend the time to file his brief and record of proceedings in the Indiana Court of Appeals; a "Petition to Re-Open for Reconsideration" in the Executive Office for Immigration Review in Chicago, Illinois; an affidavit from Plaintiff's wife attesting to the hardship that deporting her husband will create, an immigration judge's order granting an extension of time for the government to file a response to "Respondent's Motion to Reopen;" and a single page out of what appears to be a larger order by an immigration judge that denies the petition to re-open for consideration because it was nearly 25 years late.[2] Plaintiff did not include the filing fee required by 28 U.S.C. § 1914, but avers that he "have no moneys to pay court costs or legal fees."[3]

In his complaint, Plaintiff alleges that he was incarcerated in Indiana in 2001 and followed his prison's "law library's procedures" to mail a notice of appeal and a motion to the

---

[1] Dkt. No. 1.
[2] Dkt. No. 1.
[3] *Id.* at 3. Plaintiff did not include an application or motion to proceed *in forma pauperis*.

Indiana Court of Appeals.[4] Plaintiff further alleges that the officer in charge of the prison law library failed to mail his documents and that the clerk of the Indiana Court of Appeals reported not receiving such documents.[5] Similarly, Plaintiff alleges the prison law library failed to mail Plaintiff's petition to the Executive Office for Immigration Review.[6] As a result, Plaintiff claims he was deprived of his First, Fifth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.[7]

The Court finds that Plaintiff has improperly laid venue in this Court. A civil action may be commenced in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[8]

However, Plaintiff appears to have been sentenced by the Elkhart Superior Court in Indiana;[9] incarcerated in Westville, Indiana;[10] and formerly lived in Elkhart, Indiana.[11] Such locations are all within the Northern District of Indiana,[12] not the Southern District of Texas. Plaintiff's claim brought against the "Westville Correctional Facility's Administrators (John or Jane Doe)" in their official capacities is within the venue of the Northern District of Indiana. The only possible nexus to the Southern District of Texas is that Plaintiff's envelope in which he transmitted his complaint and exhibits has a return address in McAllen, Texas, but such address appears to be

---

[4] *Id.* at 1, ¶¶ 1–4.
[5] *Id.* at 1–2, ¶¶ 4–7.
[6] *Id.* at 2, ¶¶ 9–11.
[7] *Id.* ¶¶ 8, 12.
[8] 28 U.S.C. § 1391(b).
[9] *See* Dkt. No. 1-1 at 2.
[10] *Id.* ¶ 2; *accord* Dkt. No. 1 at 1, ¶ 2.
[11] *Id.* at 7, ¶ 1.
[12] *See* 28 U.S.C. § 94(a)(2).

owned by "Jose Cruz Mendez,"[13] and in any event Plaintiff's residence in McAllen would be insufficient to properly fix venue in this Court.[14] Accordingly, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[15] The Court finds that it is in the interest of justice to transfer this case to the Northern District of Indiana, where Defendants are likely to reside and where a substantial part of the events giving rise to Plaintiff's claims occurred. The Court therefore **ORDERS** this case transferred in its entirety to the United States District Court for the Northern District of Indiana, South Bend Division.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 7th day of May 2021.

                                          Micaela Alvarez
                                      United States District Judge

---

[13] Dkt. No. 1-2 at 1.
[14] *Nelson v. PNK (Lake Charles) LLC*, No. 3:20-cv-133, 2020 WL 7706815, at *2 (S.D. Tex. Sept. 30, 2020) (Edison, J.) (citing *Emrit v. Desert Parkway Behav. Hosp.*, No. CV 18-00435 LEK, 2019 WL 2397801, at *3 (D. Haw. June 6, 2019)) ("[P]laintiff's residence is completely irrelevant in determining venue."), *report and recommendation adopted,* No. 3:20-cv-133, 2020 WL 6130877 (S.D. Tex. Oct. 16, 2020) (Brown, J.).
[15] 28 U.S.C. § 1406(a); *see Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (holding that a district court has broad discretion to order a transfer to address improper venue).